1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KINAGA LAMAR TILLIS,                     No.  2:23-cv-2131 CKD P

12                  Petitioner,

13         v.                                 ORDER AND

14   PEOPLE OF THE STATE OF                   FINDINGS AND RECOMMENDATIONS
     CALIFORNIA,
15
                    Respondent.
16

17         Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254, with a request for leave to proceed in forma pauperis.

19   Examination of the in forma pauperis application reveals that petitioner is unable to afford the

20   costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28

21   U.S.C. § 1915(a).

22         Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all

23   petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the

24   petitioner is not entitled to relief.  The court has conducted that review.

25         The court may entertain a petition for a writ of habeas corpus only on the basis that the

26   petitioner is in custody in violation of federal law.  28 U.S.C. § 2254.  In ground one of his

27   petition, petitioner asserts that he applied for re-sentencing in the Superior Court of Sutter County

28   and his request was denied.  Petitioner asserts that by not reducing his sentence, the court violated

1

1   California law.  There is no allegation or suggestion that the court violated any aspect of federal

2   law.  Therefore, petitioner cannot obtain relief on ground one.

3       In ground two, petitioner asserts that he was denied counsel at the resentencing

4   proceeding and the appeal of that proceeding.  This also does not state a claim upon which relief

5   can be granted as, generally, a petitioner does not have a right to counsel in state court collateral

6   proceedings, Pennsylvania v. Finley, 481 U.S.551, 555 (1987), and petitioner fails to point to any

7   basis for the court deviating from that rule here.

8       For these reasons, the court will recommend that petitioner's petition for writ of habeas

9   corpus be summarily dismissed.  The court notes that in his petition, petitioner asks that he be

10  appointed counsel.  ECF No. 1 at 9.  Title 18 U.S.C. § 3006A authorizes the appointment of

11  counsel at any stage of a habeas case "if the interests of justice so require."  See Rule 8(c), Fed.

12  R. Governing § 2254 Cases.  In the present case, the court does not find that the interests of

13  justice would be served by the appointment of counsel.

14      Accordingly, IT IS HERBY ORDERED that:

15      1.  Petitioner's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

16      2.  Petitioner's request for the appointment of counsel is denied; and

17      3.  The Clerk of the Court assign a district court judge to this case.

18      IT IS HEREBY RECOMMENDED that petitioner's petition for a writ of habeas corpus

19  be summarily dismissed.

20      These findings and recommendations are submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22  after being served with these findings and recommendations, petitioner may file written

23  objections with the court.  Such a document should be captioned "Objections to Magistrate

24  Judge's Findings and Recommendations."  In his objections petitioner may address whether a

25  certificate of appealability should issue in the event he files an appeal of the judgment in this

26  case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or

27  deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as

28  here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should

1   issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the

2   district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it

3   debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris

4   v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484

5   (2000)).   Any response to the objections shall be served and filed within fourteen days after

6   service of the objections.  The parties are advised that failure to file objections within the

7   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

8   F.2d 1153 (9th Cir. 1991).

9   Dated:  October 12, 2023

10
    _____
11  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE
12

13

14  1
    till2131.114
15

16

17

18

19

20

21

22

23

24

25

26

27

28