UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINAGA LAMAR TILLIS,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | No.  2:23-cv-02131-DAD-CKD (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING AMENDED PETITION FOR FAILURE TO STATE A COGNIZABLE FEDERAL HABEAS CLAIM<br><br>(Doc. Nos. 1, 4) |

      Petitioner Kinaga Lamar Tillis proceeds *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On October 12, 2023, the assigned magistrate judge issued findings and recommendations recommending that the petition before the court be summarily dismissed for failure to state a cognizable claim for federal habeas relief. (Doc. No. 4.)  The magistrate judge noted that petitioner's only claims were that the Sutter County Superior Court erred as a matter of California law in denying his request for resentencing as to a firearm enhancement originally applied by that court and that petitioner was denied the right to counsel in connection with his request for resentencing and on appeal from the denial of resentencing.  (*Id.* at 1–2.)  The magistrate judge recommended that the pending petition be summarily dismissed because neither of petitioner's

1    claims provided a basis for the granting of federal habeas relief since the first claim involved only
2    an asserted error under state, not federal, law and as to the second claim, petitioner did not have a
3    constitutional right to counsel in collateral proceedings in state court.  (*Id.*)

4        Those findings and recommendations were served on all parties and contained notice that
5    any objections thereto were to be filed within fourteen (14) days from the date of service.  (*Id*. at
6    2.)  On October 26, 2023, petitioner filed timely objections to the pending findings and
7    recommendations.  (Doc. No. 18.)  In his brief objections to the pending findings and
8    recommendations petitioner merely argues that the state court's denial of his request for
9    resentencing resulted in him being denied due process and equal protection.  (Doc. No. 6.)  This
10   argument provides no basis upon which to question or reject the pending findings and
11   recommendations.  *See Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("[Petitioner] may
12   not, however, transform a state-law issue into a federal one merely by asserting a violation of due
13   process.  We accept a state court's interpretation of state law, [citation omitted], and alleged
14   errors in the application of state law are not cognizable in federal habeas corpus.").

15       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
16   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, and
17   considered petitioner's objections, the court finds the findings and recommendations to be
18   supported by the record and proper analysis.

19       Additionally, the court declines to issue a certificate of appealability.  A certificate of
20   appealability may issue "only if the applicant has made a substantial showing of the denial of a
21   constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by
22   demonstrating that jurists of reason could disagree with the district court's resolution of his
23   constitutional claims or that jurists could conclude the issues presented are adequate to deserve
24   encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also*
25   *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  In determining these issues, a court conducts
26   an overview of the claims in the habeas petition, generally assesses their merits, and determines
27   whether the resolution was debatable among jurists of reason or wrong.  *Miller-El*, 537 U.S. at
28   336.

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a certificate of appealability should issue if the petitioner can show (1) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling, and (2) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right. *Slack*, 529 U.S. at 478.

Here, reasonable jurists would not find the court's decision to dismiss the pending petition due to its failure to assert a cognizable claim for federal habeas relief to be debatable or conclude that the petition should proceed further. Thus, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations filed on October 12, 2023 (Doc. No. 4) are adopted in full;
2. The petition for a writ of habeas corpus (Doc. No. 1) is dismissed for failure to state a cognizable claim for federal habeas relief;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 15, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3